John W. Shaw [State Bar No. 82802]
Christopher M. McDonald [State Bar No. 198093]
SHAW, TERHAR & LaMONTAGNE LLP
707 Wilshire Boulevard, Suite 3060
Los Angeles, California 90017
Telephone: (213) 614-0400
Facsimile: (213) 629-4534

Attorneys for Defendants,
HOMEDICS-U.S.A., INC. (erroneously sued
and served herein as "HOMEDICS") and
COSTCO WHOLESALE CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAURISSA M. WELLS, | CASE NO. C-05-3720-MJJ |
| Plaintiff, | Date of First Filing: August 2, 2005 |
| v. | **STIPULATION FOR PROTECTIVE ORDER; ORDER** |
| COSTCO WHOLESALE CORPORATION, HOMEDICS, and DOES 1 to 50, | ORDER GRANTING: |
| Defendants. | |

     Defendant HOMEDICS-U.S.A., INC. has made application to this Court under Rule 26(c) of the *Federal Rules of Civil Procedure* for the regulation and protection of proprietary information disclosed by any party to this litigation in the process of discovery in this case. Based upon the stipulation of counsel, the Court rules as follows:

     IT IS HEREBY ORDERED AS FOLLOWS:

     1. Prior to the production of any document (and the information contained therein (including extracts, copies, notes, and summaries derived therefrom)) by any party (hereinafter "THE PRODUCING PARTY") believing that the document contains confidential information, THE PRODUCING PARTY may designate the document as

1

1 "confidential" (hereinafter "CONFIDENTIAL DOCUMENTS").

2     2. Confidential information consists of information that is properly subject to protection under Rule 26(c) of the Federal Rules of Civil Procedure. Counsel shall not designate any discovery material as "CONFIDENTIAL DOCUMENTS" without first making a good faith determination that protection is warranted.

    3. THE PRODUCING PARTY shall have the burden of proof to show that protective is warranted.

    4. Production of CONFIDENTIAL DOCUMENTS shall be subject to the following terms and conditions:

    A. All documents subject to the terms of this order shall be clearly marked by THE PRODUCING PARTY with a "confidential" stamp;

    B. Access to CONFIDENTIAL DOCUMENTS and to the information contained therein (including extracts, copies, notes, and summaries derived therefrom) shall be restricted to the following individuals:

    i) The attorneys of record appearing in this case and personnel assisting those attorneys in their work in this case;

    ii) Those agents of the party receiving the documents whose assistance is required in the preparation of this case for trial and who must have access to the materials to render assistance in that preparation;

    iii) Experts or consultants retained in connection with the preparation or trial of this case;

    iv) Such other persons as counsel for the party producing such documents may authorize in writing, or as ordered by the Court;

    v) The Court and court personnel, including jurors and stenographic reporters engaged in such proceedings, as are necessarily incident to the preparation or trial of this case.

C. The parties to whom such documents are made available will not disclose, directly or indirectly, the contents of the CONFIDENTIAL DOCUMENTS produced herein to anyone except those persons identified in paragraph B, immediately above;

D. It shall be the duty of counsel receiving such CONFIDENTIAL DOCUMENTS prior to their disclosure to those permitted to receive them under this order to instruct those persons as to the confidentiality of such documents and the terms of this order. Before any such person shall receive any CONFIDENTIAL DOCUMENTS produced in this case, each such person shall agree in writing in a writing in the form attached hereto as Exhibit "A" (hereinafter "ACKNOWLEDGMENT") to be bound by each of the terms of this protective order;

E. In order for the Court to be able to ensure compliance with this order by an *in camera* review of the chain of custody for copies of CONFIDENTIAL DOCUMENTS, if such *in camera* review is deemed necessary by one of the parties to this action, it shall be the duty of counsel receiving such CONFIDENTIAL DOCUMENTS to keep a log (hereinafter "CUSTODY LOG") reflecting for each such CONFIDENTIAL DOCUMENT what document was sent (recording by bate stamp numbers is sufficient), when such document was sent to any of those persons identified in paragraph 2B ii), iii), and iv), to whom such document was sent.

F. All information contained in CONFIDENTIAL DOCUMENTS produced pursuant to this order shall be used only for the purposes of preparation and trial in this lawsuit and for no other purpose(s) whatsoever.

G. When this case terminates for all parties,

|  |  |  |
|---|---|---|
| 1 | i) | All CONFIDENTIAL DOCUMENTS produced by THE PRODUCING PARTY to any other party to this action, and all copies of such documents, will be destroyed except for one copy of such documents which will be maintained by counsel for the party that received such documents and will remain confidential; |
| 7 | ii) | Counsel for any party receiving CONFIDENTIAL DOCUMENTS produced by THE PRODUCING PARTY which it subsequently provided to any person identified in paragraph 2B, above, will use reasonable efforts to confirm that such CONFIDENTIAL DOCUMENTS are destroyed; |
| 12 | iii) | All abstracts, extracts, summaries, and/or privileged work product containing reference to such CONFIDENTIAL DOCUMENTS that were prepared by counsel for any party to the action will be destroyed except for one copy of such documents which will be maintained by counsel for such other party and will remain confidential; |
| 18 | iv) | Counsel for any party receiving CONFIDENTIAL DOCUMENTS produced by THE PRODUCING PARTY which it subsequently provided to any person identified in paragraph 2B, above, will use reasonable efforts to confirm that all abstracts, extracts, summaries, and/or privileged work product containing reference to such CONFIDENTIAL DOCUMENTS are destroyed; |
| 25 | v) | Counsel who have received CONFIDENTIAL DOCUMENTS will provide a declaration, under penalty of perjury, reflecting the following: |
| 28 | a) | All originals and all copies of the CONFIDENTIAL |

DOCUMENTS in declarant's actual or constructive possession have been destroyed except for one copy of such documents which will be maintained by declarant for completion of declarant's file and will remain confidential;

b)  Declarant took reasonable steps to have all copies of THE PRODUCING PARTY's CONFIDENTIAL DOCUMENTS that were sent to any person identified in paragraph 2B, above, destroyed and believes that all such documents have been destroyed;

c)  All abstracts, extracts, summaries, and/or privileged work product containing reference to such CONFIDENTIAL DOCUMENTS that were prepared by counsel for any party to the action have been destroyed except for one copy of such documents which will be maintained by counsel for such other party and will remain confidential;

d)  Declarant took reasonable steps to have all abstracts, extracts, summaries, and/or privileged work product containing reference to such CONFIDENTIAL DOCUMENTS that were prepared by any person identified in paragraph 2B, above, forwarded to the party to the action by and through whom such individual was provided such documents and that all such documents have been destroyed except for one copy of such documents which will be maintained by counsel for such other party and will remain confidential;

5. At the conclusion of this case, all CONFIDENTIAL DOCUMENTS entered

1 into evidence by any party will be withdrawn from evidence by the party who entered
2 such CONFIDENTIAL DOCUMENTS into evidence.

3       6. In the event that the questions asked at depositions require the disclosure of
4 trade secrets and/or proprietary/confidential information and/or CONFIDENTIAL
5 DOCUMENTS, those deposition transcripts shall be treated as CONFIDENTIAL
6 DOCUMENTS and subject to the same controls set forth in paragraphs 2(B)-(G).

7       7. Each CONFIDENTIAL DOCUMENT or other evidence designated as
8 "confidential" that is filed or lodged with the Court will be filed or lodged under seal, and
9 only those people identified in paragraph 2B, above, shall have access to those
10 documents. Each CONFIDENTIAL DOCUMENT or other evidence designated as
11 "confidential" that is filed or lodged with the Court is to be placed in a sealed envelop
12 with instructions that the document is filed pursuant to the Stipulated Protective Order
13 and that the envelop is not to be opened absent further order of the court. Such sealed
14 envelop shall be labeled to identify the title of the case, the case number, and the title of
15 the document enclosed in the envelop.

16       8. Any party desiring to challenge the designation of any documents as
17 "confidential" by another party pursuant to the terms of this order may do so by noticed
18 motion in a manner that will preserve the confidentiality of the documents until the
19 motion is heard and determined; until such a motion is decided, however, all parties are
20 obligated to adhere to the terms of this order.

21 / / /
22 / / /
23 / / /
24 / / /
25 / / /
26 / / /
27 / / /

28       9. The court's jurisdiction to enforce the terms of the Stipulation for Protective

1  Order shall expire six months after final termination of the action.

4  Dated: 2/8/2006

*[signature: Martin J. Jenkins]*

THE HONORABLE MARTIN J. JENKINS

6  **IT IS SO STIPULATED:**

8  DATED: September ___, 2005          LAW OFFICES OF STEPHEN M. MACOUSE

By:_____
STEPHEN M. MACKOUSE
Attorneys for Plaintiff,
LAURISSA M. WELLS

14  DATED: September ___, 2005          SHAW, TERHAR & LaMONTAGNE LLP

By:_____
JOHN W. SHAW
CHRISTOPHER M. MCDONALD
Attorneys for Defendants,
HOMEDICS-U.S.A., INC. (erroneously sued and served herein as "HOMEDICS") and COSTCO WHOLESALE CORPORATION