1 │ John W. Shaw [State Bar No. 82802]
jshaw@stl-lawoffices.com
2 │ Christopher M. McDonald [State Bar No. 198093]
cmcdonald@stl-lawoffices.com
3 │ SHAW, TERHAR & LaMONTAGNE, LLP
707 Wilshire Boulevard, Suite 3060
4 │ Los Angeles, California 90017
Telephone: (213) 614-0400
5 │ Facsimile: (213) 629-4534

6 │ Attorneys for Defendants
HOMEDICS-U.S.A., INC. (erroneously sued
7 │ and served herein as "HOMEDICS") and
COSTCO WHOLESALE CORPORATION

8

9 │ **UNITED STATES DISTRICT COURT**

10 │ **NORTHERN DISTRICT OF CALIFORNIA**

11

12 │ LAURISSA M. WELLS,                    ) Case No. C-05-3720-MJJ
                                          )
13 │          Plaintiff,                  ) **STIPULATION TO CONTINUE**
                                          ) **TRIAL DATE AND ALL TRIAL-**
14 │     vs.                              ) **RELATED DATES AND**
                                          ) **DEADLINES;** [~~PROPOSED~~]
15 │ COSTCO WHOLESALE                      ) **ORDER**
CORPORATION, HOMEDICS, and               )
16 │ DOES 1 to 50,                        )
                                          )
17 │          Defendants.                 )
                                          )
18

19

20 │     The parties, by and through their respective counsel of record, hereby

21 │ stipulate to continue the trial date and related cut-off dates/deadlines as follows:

22

23 │ **ISSUE:**              **ORIGINAL DATE:**        **PROPOSED DATE:**

24 │ Designation of Experts:     Fri., July 7, 2006       Fri., Oct. 6, 2006

25 │ Expert Reports:             Fri., July 14, 2006      Fri., Oct. 13, 2006

26 │ Designation of Supp/

27 │     Rebuttal Experts:       Fri., July 28, 2006      Fri., Oct. 27, 2006

28 │ / / /

1  Supp/Rebuttal Expert

2      Reports:               Fri., July 28, 2006        Fri., Oct. 27, 2006

3  Expert Disco Cutoff:      Fri., Aug. 4, 2006         Fri., Nov. 3, 2006

4  Settlement Conf:         Mon., Aug. 28, 2006    To be provided by the

5                                                           Magistrate Judge

6  Dispositive Motion

7      Hearing Cutoff:       Tues., Aug. 29, 2006   Tues., Nov. 28, 2006

8  Pretrial Conference:      Tues., Oct. 24, 2006    Tues., Jan. 23, 2007

9  Trial:                    Mon., Nov. 6, 2006       Mon., Feb. 5, 2007

10

11       This Stipulation may be executed and submitted to the court in counterparts

12  and a faxed copy of any and all necessary signature pages to this Stipulation may be

13  submitted to the court in lieu of the originals.

14       The following good cause exists for the court to grant this Stipulation in its

15  entirety:

16       1.     Plaintiff LAURISSA M. WELLS ("MS. WELLS") alleges that she

17  suffered "burns" to her back that resulted from her use of a WV-100H Therapist

18  Select Wave Action Massager ("MASSAGER") distributed by defendant

19  HOMEDICS-U.S.A., INC. ("HOMEDICS") that she purchased from defendant

20  COSTCO WHOLESALE CORPORATION, INC. ("COSTCO").

21       2.     MS. WELLS has sued HOMEDICS and COSTCO under the theories of

22  product liability and negligence.

23       3.     MS. WELLS claims that the MASSAGER was defective because she

24  claims that there were no instructions in the box that the MASSAGER was sold in

25  and that several parts were missing from that box.

26       4.     COSTCO and HOMEDICS contend that the MASSAGER was not

27  defective.

28       5.     On Tuesday, June 20, 2006, Kent S. Carson, M.D., a dermatologist

retained by COSTCO and HOMEDICS, performed a Defense Medical Examination of MS. WELLS. Since the Defense Medical Examination, counsel for defendants has represented the following: (1) Dr. Carson diagnosed MS. WELLS with "mild post-inflammatory hyper-pigmentation" at approximately six locations on her back; (2) Dr. Carson noted that five of the locations consisted of mild discoloration and that one of the locations consisted of minor scaling and mild discoloration; (3) Dr. Carson opined that the appropriate treatment for MS. WELLS' condition would consist of: (a) One office visit wherein he would prescribe a bleaching cream and a Cortisone cream to be applied regularly by MS. WELLS to the subject areas; and (b) One follow-up appointment to evaluate MS. WELLS' response to the aforementioned treatment; and (4) Dr. Carson has not provided an estimate for the length of time necessary to complete the proposed treatment of MS. WELLS.

6. On Monday, June 26, 2006, the parties, by and through their counsel of record, mediated this matter before the Honorable Rebecca Westerfield (Retired). The matter did not settle. However, the parties agreed that MS. WELLS should undergo the medical treatment identified in paragraph 2. (above) and then submit this matter to a supplemental mediation session before Judge Westerfield.

7. The parties have agreed that the cost associated with the aforementioned medical treatment will be handled by COSTCO and HOMEDICS.

8. The parties have agreed that the medical treatment identified in paragraph 2. (above) will be administered by Dr. Carson.

9. However, Dr. Carson will be out of the country from Thursday, July 6, 2006, through Sunday, July 23, 2006, and therefore unable to commence his treatment of MS. WELLS until the end of July, 2006.

10. The parties have agreed to conduct a supplemental mediation session before Judge Westerfield after MS. WELLS completes the medical treatment identified in paragraph 2. (above) and Judge Westerfield has agreed to assist the parties with the aforementioned supplemental mediation session. (Judge Westerfield

1  has advised the court in the Certification of ADR Session, which was filed with the
2  court on June 28, 2006, that the ADR Process is not yet complete.)

3      11.    The parties are uncertain as to how long it will take to complete the
4  medical treatment identified in paragraph 2. (above) and, out of an abundance of
5  caution, have agreed to stipulate to continue the trial date and all related cut-off
6  dates/deadlines as set forth above.

7      12.    The continuation of the above-referenced trial date and related cut-off
8  dates/deadlines will not adversely affect any of the parties to this action.

9
10
11  DATE: July ___, 2006          LAW OFFICES OF STEPHEN M. MACKOUSE
12
13                                By:  _____
14                                     STEPHEN M. MACKOUSE
                                       Counsel for Plaintiff,
15                                     LAURISSA M. WELLS
16
17
18  DATE: July ___, 2006          SHAW, TERHAR & LaMONTAGNE LLP
19
20                                By:  _____
21                                     JOHN W. SHAW
                                       CHRISTOPHER M. McDONALD
22                                     Counsel for Defendants,
23                                     HOMEDICS-U.S.A., INC. and COSTCO
                                       WHOLESALE CORPORATION, INC.
24
25  IT IS SO ORDERED.
26
27  DATE: __July 17___, 2006       _____
28                                 THE HONORABLE MARTIN J. JENKINS